UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM MCKINLEY SKANES, III,

    Plaintiff,

v.                                     CASE NO. 6:16-cv-1692-Orl-37DAB

PHIL ARCHER, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff, a pretrial detainee proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).

**I.   LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)    Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.   ANALYSIS

Plaintiff brought this action against State Attorney Phil Archer, Officer Derek Willand, and Sheriff Richard Clements (Doc. 1 at 3-4). Plaintiff contends that his Fifth and Fourteenth Amendment rights have been violated because he is being illegally detained without evidence. *Id.* at 5. Plaintiff argues that the charges filed against him are an "utter fiction" and "no prima facie evidence has been, will be, or ever can be produced to show or indicate that a crime was or has been committed. . . ." *Id.* at 6. Plaintiff seeks release from the Brevard County Jail. *Id.*

Plaintiff's claim is subject to dismissal because he only seeks release from confinement, which is unavailable under § 1983. *See Lewis v. Stewart,* No. CV 15-00273-CB-N, 2016 WL 3675793, at *4 (S.D. Ala. May 31, 2016), *report and recommendation adopted*, No. CV 15-00273-CB-N, 2016 WL 3676608 (S.D. Ala. July 7, 2016) (citing *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment [under § 1983], and the relief he seeks is a

determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")). Furthermore, even if the Court were to construe Plaintiff's complaint as a petition for writ of habeas corpus, he cannot demonstrate that he is entitled to relief.

Plaintiff is essentially asking this Court to intervene in his pending state criminal case. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1991), a criminal defendant is barred from raising challenges related to the prosecution of his pending state court criminal case absent special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. To justify federal intervention, a plaintiff must provide (1) evidence of state proceedings motivated by bad faith, (2) irreparable injury; or (3) no adequate alternative state forum where the constitutional issues can be raised. *See Allee v. Medrano*, 416 U.S. 802, 836 (1974); *Hughes v. The Eleventh Judicial Circuit Court of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004).

Petitioner has not demonstrated special circumstances warranting this Court's intrusion into his pending state court proceedings. Petitioner has not alleged that he will be irreparably injured if this Court does not intervene in the state court proceedings nor has he shown that there is no adequate alternative state forum where his claim can be raised. Therefore, the instant case is subject to dismissal without prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any pending motions, enter Judgment, and close this case.

**DONE AND ORDERED** in Orlando, Florida this 3rd day of October, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 10/4
William McKinley Skanes, III